IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

JUL 27 2009

Rodney Braxton,                     )
      Petitioner,                 )
                                    )
v.                                  )          1:08cv746 (JCC/TCB)
                                    )
Gene M. Johnson,                    )
      Respondent.                 )

## MEMORANDUM OPINION

Rodney Braxton, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas

corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of rape following

a bench trial in the Circuit Court for the City of Fredericksburg, Virginia. Respondent has filed a

Motion to Dismiss and Rule 5 Answer, along with a supporting memorandum and exhibits.

Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison,

528 F.2d 309 (4th Cir. 1975), and has filed a response. For the reasons that follow, Braxton's claims

must be dismissed.

## I.

On May 1, 2006, Braxton was found guilty of rape following a bench trial in the Circuit

Court for the City of Fredericksburg, Virginia. Commonwealth v. Braxton, Case No. CR05000401-

00. The opinion of the Fourth Circuit Court of Appeals issued on petitioner's direct appeal reflects

the following underlying facts. The complainant testified that she was walking home after purchasing

beer at a convenience store when a man riding a bicycle asked for one of her beers. Complainant told

the man to leave her alone and continued on her way home. As she did so, a man grabbed her from

behind, forced her to the ground, told her to be quiet, and threatened to cut her. The man removed

her undergarments and penetrated her, and then "took off."

The complainant contacted the police and then went to a hospital. Examination showed that she had suffered bruising on her knees and thighs. Police found a cold can of beer in the area where the attack occurred, and the complainant admitted that she had been drinking but could not say how much she had consumed. Later DNA testing matched petitioner to genetic material recovered from the complainant.

During police questioning four years later, Braxton repeatedly denied knowing the complainant or having had sexual intercourse with her. At trial, however, he testified that he had consensual intercourse with the complainant on the date of the incident. According to petitioner, complainant agreed to have sex with him in exchange for a bag of marijuana, and when he gave her only a portion of the marijuana he had promised she became angry and said, "I'll get your damn ass." Petitioner, who previously had been convicted of felonies and misdemeanors involving moral turpitude, stated that he was confused and in withdrawal from drugs during his questioning by police. At the conclusion of the bench trial, the court accepted the Commonwealth's evidence and rejected Braxton's testimony that the intercourse had been consensual, and he was convicted of rape as charged. Braxton v. Commonwealth, R. No. 1736-06-2 (Va. Ct. App. Feb. 20, 2007). Resp. Ex. 2.

On July 10, 2006, the court sentenced Braxton to thirty years in prison, with ten years suspended. Pet. at 1.

Braxton pursued a direct appeal to the Court of Appeals of Virginia, raising the following issues:

> 1.  Whether he waived his right to speedy trial;
>
> 2.  Whether the trial court entered into the record a

2

> sufficient waiver of jury trial before proceeding to a
> bench trial;
>
> 3.     Whether the trial court erred in denying his motion to
>        admit certain evidence pursuant to Va. Code §18.2-
>        67.7; and
>
> 4.     Whether the evidence was sufficient to sustain his
>        conviction of rape, in violation of Va. Code §18.2-61.

Resp. Ex. 1 at 7. On February 20, 2007, Braxton's petition for appeal was denied, with the Court

concluding that "[t]he Commonwealth's evidence was competent, credible, and sufficient to prove

beyond a reasonable doubt that appellant was guilty of rape." Braxton, R. No. 1736-06-2 at 3.

On June 21, 2007, Braxton filed a petition for appeal with the Supreme Court of Virginia.

Resp. Ex.3. The petition was refused on November 21, 2007. Braxton v. Commonwealth, R. No.

071602 (Va. No. 21, 2007). Resp. Ex. 4. Petitioner pursued no state collateral remedies, and instead

filed this federal proceeding on July 9, 2008,[1]  where petitioner makes the following claims:

> 1.     The trial court violated his right to due process
>        because it   lacked subject matter jurisdiction to
>        convict him where it failed to record his concurrence
>        in the waiver of a jury trial.
>
> 2.     Counsel rendered ineffective assistance by failing to
>        subpoena Rudolph Norris to testify at trial to impeach
>        the victim's testimony that she did not engage in
>        consensual intercourse with petitioner in exchange for
>        drugs.
>
> 3.     Counsel rendered ineffective assistance by agreeing
>        to a trial date beyond the state statutory speedy trial

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Petitioner in this case certified that he placed his petition in the prison mailing system on July 9, 2008. Pet. at 15.

limit, where counsel failed to discuss with petitioner
that such action would waive his speedy trial rights.

Respondent filed a Rule 5 Answer and a Motion to Dismiss Braxton's claims, with a

supporting brief and exhibits. Petitioner filed a response to respondent's motion. Accordingly, this

matter is now ripe for review.

## II.

In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must determine

whether the petitioner has exhausted his claims before the appropriate state courts and whether those

claims are barred by a procedural default. As a general rule, a petitioner must first exhaust his claims

in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires

dismissal from federal court so that the petitioner may present his claims to the state courts. See 28

U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-

19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts

one full opportunity to resolve any constitutional issues by invoking one complete round of the

State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Thus, petitioner must present the same factual and legal claims raised in the instant petition to the

Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or

(iii) an appeal from a circuit court's denial of a state habeas petition.

This does not end the exhaustion analysis because "[a] claim that has not been presented to

the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be

procedurally barred under state law if the petitioner attempted to present it to the state court." Baker

v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161

4

(1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). A petitioner may nonetheless overcome procedural defaults and have his claims addressed on the merits by showing either cause and prejudice for the default or that miscarriage of justice would result from the lack of such review. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Savino v. Murray, 82 F.3d 593, 602 (4th Cir. 1996).

In addition, where a state court has made an express determination of procedural default, the state court's finding is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

### III.

Pursuant to these principles, all of Braxton's federal claims are procedurally defaulted from federal review on the merits. In his first federal claim, petitioner argues that his right to due process was abridged when the trial court failed to enter on the record his concurrence with waiving a trial by jury. When petitioner contended on direct appeal that the court erred in failing to obtain his

5

counsel's waiver of a jury trial, the appellate court declined to review the question on the following

holding:

> Appellant did not raise this issue in the trial court.
> This Court has held that, "[a]lthough Code § 19.2-257
> requires that a defendant's waiver of a jury trial be
> accompanied by the 'concurrence of the attorney for
> the Commonwealth and of the court entered of
> record,' ... this issue cannot be raised for the first time
> on appeal." Smallwood v. Commonwealth, 14 Va.
> App. 527, 530, 418 S.E. 2d 567, 568 (1992).
> Accordingly, we will not consider this question here.
> See id., Rule 5A:18.

Braxton, R. No. 1736-06-2 at 1-2.  The foregoing determination, which was the last reasoned state

court decision, is imputed to the Supreme Court of Virginia, which refused further appeal without

explanation. See Ylst, 501 U.S. at 803.  Because the state courts thus declined to review the merits

of Braxton's first claim on the basis of an independent and adequate state law ground, cf. Weeks v.

Angelone, 4 F. Supp. 2d497, 5151 (E.D. Va. 1998) (holding that the contemporaneous objection rule

of Va. Sup. Ct. Rule 5:25 is an adequate and independent state law ground), the claim is procedurally

defaulted from federal review.

In his answer to the respondent's motion to dismiss, Braxton argues that the state court's

determination of procedural bar should not apply to his current claim, because in the state court it was

not argued that the absence of a record waiver of a jury trial offended his right to due process. This

argument is unavailing, however, because to the extent that the constitutional implications of the trial

court's asserted error were not presented to the state court, Braxton's present claim remains

unexhausted. Therefore, review of the claim still would be barred by that separate  independent and

adequate state-law ground.   Baker, 220 F.3d at 288.  Petitioner's additional argument that the claim

is exempt from the exhaustion requirement because it challenges the trial court's subject-matter jurisdiction is misplaced; as a matter of comity, the exhaustion requirement applies to virtually all claims brought in a § 2254 proceeding. Granberry, 481 U.S. at 134. As petitioner thus has failed to show cause and prejudice for the default of his first claim or that miscarriage of justice would result from the lack of its review, the claim is procedurally barred from federal consideration. Coleman, 501 U.S. at 750.

In petitioner's second and third claims, he argues that his trial counsel provided him with ineffective assistance. Because petitioner failed to pursue a petition for habeas corpus relief in the Virginia courts, the substance of these claims has never been presented to the Supreme Court of Virginia, so both claims remain unexhausted. O'Sullivan, 526 U.S. at 845. However, both claims nonetheless must be treated as exhausted because Braxton is now precluded from bringing them in state court. Specifically, both of these claims would now be subject to dismissal as untimely and thus procedurally defaulted under Virginia Code § 8.01-654(a)(2), the state habeas petition statute of limitations. Therefore, both claims are simultaneously exhausted and defaulted for the purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

In his answer, petitioner argues that claims two and three were incapable of exhaustion because he was aware of their underlying facts at the time of trial. To the extent that this position is comprehensible, it is flawed, since claims of ineffective representation must be exhausted in the state forum to be cognizable in a federal proceeding. See generally, Strickland v. Washington, 466 U.S. 668 (1984). Since petitioner otherwise makes no attempt to demonstrate cause and prejudice for the default of these claims or that a miscarriage of justice otherwise would result, both claims are procedurally barred from federal review.

7

## IV.

For the foregoing reasons, this petition for habeas corpus relief must be dismissed. An appropriate Order shall issue.

Entered this ___27___ day of ___July___ 2009.

/s/
James C. Cacheris
United States District Judge

Alexandria, Virginia

8